UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 10-mj-172 LTS |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| MATTHEW J. KUC | ) |  |
|  | ) |  |
| Defendant | ) |  |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND
MOTION TO MODIFY CONDITIONS OF RELEASE**

The government files this further opposition to defendant's second motion to modify conditions of release ("Second Motion"). Dkt. No. 8. The government previously filed a preliminary opposition and further response to the Second Motion on December 30, 2010 and January 12, 2011, respectively. Dkt. Nos. 9 and 11. As set forth further below, and as the government has advised defense counsel, the government will assent to the defendant's selling two Mercedes vehicles that, per his conditions of release, he currently is not permitted to sell. The government assents to the sale of these cars only in accordance with the conditions set forth below. The government, however, opposes defendant's request that the $50,000 cash posted to secure his $100,000 bond be reduced.

First, in his Second Motion, the defendant seeks permission to sell two of the four cars that he currently is prohibited from selling – a Lamborghini and a Porsche – in order to pay for his defense in this case. Since his Second Motion was filed, however, the government obtained seizure warrants for both cars and now has possession of them. Defendant currently also is prohibited from selling two other cars – two Mercedes vehicles. If the defendant chooses to do so, and as discussed with defense counsel, the government will assent to an order allowing the defendant to sell the two

Mercedes vehicles so that he may use the proceeds to pay defense counsel <u>on the following conditions</u>: (1) the defendant must sell the cars and place all of the proceeds in defense counsel's escrow account; and (2) a mechanism must be established whereby the defendant does not take possession of any of the proceeds from the sale of either car.[1]

Second, in light of the foregoing, the government opposes any reduction in the $50,000 security that the Court ordered, and the defendant posted, to assure the defendant's appearance. In his Second Motion, the defendant argued that he needed the cash to cover his legal bills. Since the government has agreed that he can sell two Mercedes vehicles to pay those legal bills there is no basis for lowering the cash security for that purpose. Moreover, the government has obtained information suggesting that the $50,000 cash that the defendant posted on or about December 20, 2010 may have come from fraud proceeds withdrawn from the defendant's PayPal account. The government is still analyzing this information and may file a motion asking the Court to inquire into the source of the bond pursuant to 18 U.S.C. §3142(g)(4). For this additional reason it would be inappropriate for the Court to reduce the cash security and allow it to be disbursed at this time.[2]

---

[1] The premise of defendant's Second Motion is that he needs the proceeds from the sale of the cars to pay his legal bills. If he determines that he does not need the proceeds from the sale of both cars to pay his defense costs then the government will assent to the sale of only one car and the second car should remain posted as bond. In other words, the government assents to the sale of the cars for use in paying legal bills, but not for any other purpose.

[2] If the Court decides, over the government's objection, to reduce the cash security and restore any of the $50,000 to defendant, the government asks that the Court stay the effect of that order for three days from its entry, to give the government time to obtain a warrant to seize the remitted funds.

Under these circumstances, the government respectfully requests that the Court DENY defendant's Second Motion to Modify Conditions of Release but allow the sale of one or both of the Mercedes vehicles only after the defendant establishes a mechanism whereby the proceeds of such sale or sales are deposited directly into defense counsel's escrow account.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:  */s/ Sarah E. Walters*
     Scott L. Garland
     Sarah E. Walters
     Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Sarah E. Walters*
Assistant United States Attorney

Dated: January 19, 2011